People v Pagan (2020 NY Slip Op 05595)





People v Pagan


2020 NY Slip Op 05595


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Ind No. 2393/13 Appeal No. 11982 Case No. 2014-2713 

[*1]The People of the State of New York, Respondent,
v
Joseph Pagan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Joseph Pagan, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Lisa H. Rubin of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J. at hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered July 30, 2014, as amended July 31 and August 7, 2014, convicting defendant of burglary in the second degree as a sexually motivated felony and attempted unlawful surveillance in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously modified, in the interest of justice, to reduce the sentence for the burglary conviction to five years, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The credible evidence established that defendant unlawfully entered the victim's apartment building and attempted to commit a sexually motivated felony, by filming up the victim's skirt with his cellphone.
Given the circumstances of the crime, the sentencing court's discretionary determination to certify defendant as a sex offender under the special provision relating to his unlawful surveillance conviction (see Correction Law § 168-a[2][e]) was providently made. Despite the serious nature of the conduct, the circumstances of the incident lead us to conclude that the sentence of 10 years is excessive and warrants reduction in the interest of justice.
The court correctly determined that defendant's statement was admissible to impeach his trial testimony. Defendant's other pro se claims are unpreserved, or unreviewable on the present record, and we decline to review them in the interest of justice. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020